## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MERRILL J. HICKLIN BEFORT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 08-2598-KHV** |
| ) | |
| **STATE OF KANSAS, DEPARTMENT OF** ) | |
| **COMMERCE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM AND ORDER

Merrill J. Hicklin Befort brings suit against the Kansas Department of Commerce, Howard Fricke and Robert E. North alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, et seq., 42 U.S.C. §1983, and the Kansas Act Against Discrimination ("KAAD"), K.S.A. §44-1001, et seq.  Plaintiff sues Fricke, who served as Secretary of the Kansas Department of Commerce until December 29, 2006, and North, who serves as Chief Legal Counsel for the Kansas Department of Commerce, in their individual capacities.  This matter is before the Court on Defendants' Rule 12(c) Motion For Partial Judgment On The Pleadings (Doc. #11) filed February 18, 2009.  For reasons stated below, the Court finds that the motion should be sustained.

### Legal Standards

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the same standards as a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T.G. & Y., 971 F.2d 522, 528 (10th Cir. 1992). Under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff.  See Moore v.

1

<u>Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006).  Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see</u> also <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved).  In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face.  <u>Bell Atl. Corp.</u>, 550 U.S. at 570.

**<u>Facts</u>**

Plaintiff alleges the following facts which the Court accepts as true for purposes of this motion.

Plaintiff worked as an attorney in the Kansas Department of Labor ("Labor") for 16 years. <u>Complaint</u> (Doc. #1) filed December 2, 2008 ¶¶ 8-9. John Yeary worked as an attorney in Labor for ten years. <u>Id</u>. In the summer of 2004, plaintiff and Yeary transferred from Labor to the Kansas Department of Commerce ("Commerce"). <u>Id</u>. At Labor, both plaintiff and Yeary were classified as Attorney II, pay grade 31. <u>Id</u>. Due to her length of tenure at Labor, plaintiff earned a higher salary than Yeary. <u>Id</u>.

Plaintiff was (and is) the only female attorney at Commerce. <u>Id</u>. In early January of 2005, plaintiff discovered that Commerce had upgraded Yeary's position to an Attorney III position. <u>Id</u>. at ¶10. As a result, Yeary received a raise. <u>Id</u>. Plaintiff and Yeary continued to do the same work. <u>Id</u>. at ¶11. During the week of January 2, 2005, plaintiff notified North, Chief Legal Counsel, of the difference in pay. <u>Id</u>. at ¶12. North acknowledged that plaintiff's work was the same as Yeary's but he did not address the pay discrepancy. <u>Id</u>. at ¶13.

On March 4, 2005, North gave plaintiff a letter of counseling. <u>Id</u>. at ¶14. The letter alleged inappropriate interaction with a co-worker and failure to maintain a harmonious working relationship

with that co-worker.  <u>Id</u>.  On March 11, 2005, plaintiff administratively grieved the counseling letter.

<u>Id</u>. at ¶18.  On April 22, 2005, Commerce upheld the counseling letter.  <u>Id</u>. at ¶19.  In doing so, it stated

that it would investigate the disparate pay issue.  <u>Id</u>.

On August 16, 2005, the Kansas Department of Administration, Division of Personnel Services

("DPS") conducted an administrative desk audit of plaintiff's Attorney II position and Yeary's Attorney

III position.  <u>Id</u>. at ¶21.  On August 30, 2005, it found that both positions performed Attorney III work.

<u>Id</u>.  On September 6, 2005, North increased plaintiff's salary to grade 33, step 5.  <u>Id</u>. at ¶22.  At the time,

Yeary's salary was grade 33, step 6.  <u>Id</u>.

On August 19, 2005, plaintiff filed an administrative charge with the Kansas Human Rights

Commission (KHRC No. 29471-06), alleging gender-based discrimination and retaliation in violation

of the KAAD.  <u>Id</u>. at ¶23.  The KHRC resolved the administrative charge through mediation, and on

January 10, 2006, the parties signed a written settlement agreement.  <u>Id</u>. at ¶24.  The agreement provided

that (1) Commerce would retroactively increase plaintiff's compensation to that of the other Attorney

III position within Commerce,[1] (2) Commerce would remove the counseling letter from plaintiff's file,[2]

---

[1]       The agreement specifically provided as follows:

Payment By Commerce: In consideration of the promises and undertakings memorialized in this Agreement, Commerce will increase the compensation for the Attorney III position which Befort occupies, retroactive to October 10, 2004, to the exact same salary range and step as the other Attorney III position within Commerce.

<u>Settlement Agreement</u> (Doc. #12-2) filed February 18, 2009, at 1-2.

[2]       The agreement specifically provided as follows:

Remedial Action by Commerce: The Department of Commerce will remove from Befort's official personnel file the letter of counseling as well as all documentation referencing that letter. . . .

<u>Settlement Agreement</u> (Doc. #12-2) at 2.

(3) in consideration of the payment and remedial action by Commerce, plaintiff would dismiss the pending complaint with the KCHR,[3] and (4) plaintiff would release Commerce from claims arising as a result of her complaint with the KCHR.[4]  Complaint at ¶¶24-25; Settlement Agreement (Doc. #12-2) filed February 18, 2009, at 1-3.

In the spring of 2006, Yeary left his employment with Commerce.  Complaint at ¶26.  On July 2, 2006, Commerce hired Yates, an Attorney III, at an annual salary of $61,000.  Id.  At that time, plaintiff's annual salary was $57,740.80.  Id.

### Analysis

Plaintiff alleges disparate treatment in violation of Title VII (Count I), retaliation in violation of Title VII (Count II), retaliation in violation of the First Amendment and 42 U.S.C. §1983 (Count III), deprivation of due process rights in violation of the Fourteenth Amendment and 42 U.S.C. §1983 (Count IV) and breach of settlement agreement in violation of Title VII and the KAAD (Count V).[5]  Defendants assert that they are entitled to judgment on the pleadings on Count V, which alleges breach of the

---

[3]     The agreement specifically provided as follows:

Dismissal of Pending Complaint by Befort: In consideration for the payment and remedial action set forth above in paragraphs 1 and 2, Befort agrees that, upon receipt of said payment and review of her official personnel file she will dismiss with prejudice the pending complaint with the Kansas Commission on Human Rights.

Settlement Agreement (Doc. #12-2) at 2-3.

[4]     The agreement specifically provided as follows:

Release and Discharge by Befort: As further consideration, Befort hereby agrees to RELEASE AND FOREVER DISCHARGE the Kansas Department of Commerce and its representatives. . . .

Settlement Agreement (Doc. #12-2) at 3.

[5]      Plaintiff does not bring suit against Fricke or North in their official capacities.

4

settlement agreement.  Specifically, defendants assert that (1) the Court lacks subject matter jurisdiction because even if they breached the settlement agreement, the breach would not violate Title VII or the KAAD, (2) plaintiff has not alleged facts to support a claim that defendants breached the settlement agreement, and (3) the Court should dismiss North and Fricke because the settlement agreement does not confer any obligations on North or Fricke.[6]

## I.      Jurisdiction

Defendants assert that the Court lacks subject matter jurisdiction over plaintiff's breach of contract claim because such a breach would not violate Title VII.  See Defendants' Memorandum In Support Of Their Rule 12(c) Motion For Partial Judgment On The Pleadings (Doc. #12) filed February 18, 2009 at page 4.  Defendants argue that 42 U.S.C. § 2000e-2 and K.S.A. § 44-1009(a) do not contemplate a cause of action based on a contractual breach.  Plaintiff cites Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994), to support her claim that the alleged breach of the settlement agreement arises under Title VII.  In Morris, the Tenth Circuit suggests that conciliation agreements and predetermination settlement agreements "are brought under Title VII," but that settlement contracts between private parties do not provide an independent basis for federal question jurisdiction.

The Court need not decide whether it would have independent subject matter jurisdiction over Count V, because Counts I through IV arise under federal statutory law and the Court has subject matter jurisdiction over Counts I through IV under 28 U.S.C. §1331.  Therefore, even if plaintiff's claim for breach of the settlement agreement is a state claim and not a claim under Title VII, the Court has supplemental jurisdiction over Count V.

---

[6]      Plaintiff argues that because Fricke had ultimate authority over Commerce until December 29, 2006, he may be held personally liable for breach of the settlement agreement under an alter ego theory under Title VII.  Plaintiff argues that under the KAAD, both Fricke and North may be held personally liable for aiding and abetting a breach of the settlement agreement.

II.      **Breach Of The Settlement Agreement**

Defendants assert that plaintiff has not alleged facts which set forth a claim that they breached the settlement agreement.   Defendants argue that the plain language of the settlement agreement does not suggest that Commerce had an ongoing obligation to pay plaintiff the same salary as any other Attorney III after January 10, 2006.   Plaintiff points out that the contract does not expressly provide how long Commerce's performance must continue.   Plaintiff asserts that where the contract does not contain an express provision, the Court must infer a reasonable amount of time, which plaintiff argues would be a question of fact that precludes judgment on the pleadings.

Paragraph 8 of the settlement agreement provides that "[t]his Agreement shall be construed, enforced and governed in all respects by the laws of the State of Kansas."   As a preliminary matter, a federal court exercising supplemental jurisdiction over state law claims in a federal question lawsuit applies the substantive law, including choice of law rules, of the forum state.   BancOklahoma Mortgage Corp. v. Capital Title Co., 194 F.3d 1089, 1104 (10th Cir. 1999) (citing Glennon v. Dean Witter Reynolds, Inc., 83 P.3d 132, 136 (6th Cir.1996)).   Likewise, "[w]here the parties to a contract have entered into an agreement that incorporates a choice of law provision, Kansas courts generally effectuate the law chosen by the parties to control the agreement."   Brenner v. Oppenheimer& Co. Inc., 273 Kan. 525, 539 (2002).

In Fisherman Surgical Instruments, LLC v. Tri-anim Health Services, Inc., 502 F. Supp.2d 1170, 1179-80 (D. Kan. 2007), this Court reviewed Kansas law regarding construction and interpretation of contracts.   Under Kansas law, construction of a written contract is a matter of law for the Court.   Wagnon v. Slawson Exploration Co. Inc., 255 Kan. 500, 511 (1994). "In construing a contract, the intent of the parties is the primary question; meaning should be ascertained by examining the documents from all

6

corners and by considering all of the pertinent provisions, rather than by critical analysis of a single or isolated provision; and reasonable rather than unreasonable interpretations are favored." <u>Akandas, Inc. v. Klippel,</u> 250 Kan. 458, Syl. ¶ 1 (1992). Where a contract is complete and unambiguous on its face, the Court must determine the parties' intent from the four corners of the document, without regard to extrinsic or parol evidence. <u>Simon v. Nat'l Farmers Org.</u>, 250 Kan. 676, 679-80 (1992).

Whether an instrument is ambiguous is a question of law for the court. <u>Id</u>. at 680. A contract is ambiguous if it contains "provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language." <u>Id.</u> A contract is not ambiguous merely because it does not address an issue. <u>TMG Life Ins. Co. v. Ashner</u>, 21 Kan. App.2d 234, 242 (1995). "In construing an ambiguous . . . contract, the court may take into consideration the interpretation placed upon the contract by the parties themselves. If the parties have by their conduct placed an interpretation on an ambiguous contract, it will be followed by the court." <u>First Nat'l Bank of Olathe v. Clark</u>, 226 Kan. 619, 624 (1979) (citation omitted). When a contract is not ambiguous, the Court may not rewrite a contract to achieve an equitable result under the guise of contract construction. <u>See</u> <u>Quenzer v. Quenzer</u>, 225 Kan. 83, 85 (1978); <u>see</u> <u>also</u> <u>Patrons Mut. Ins. Ass'n v. Harmon</u>, 240 Kan. 707, 713 (1987).

The clear language of the settlement agreement reflects the parties' intent to remedy plaintiff's compensation concerns and remove the counseling letter placed in her file on March 4, 2005. To remedy the situation, Commerce agreed to retroactively increase plaintiff's salary to the exact same salary range and step as "the other Attorney III position within Commerce," effective October 10, 2004.[7]

---

[7]     As noted, the agreement specifically provided as follows:

In consideration of the promises and undertakings memorialized in this Agreement, Commerce will increase the compensation for the Attorney III position which Befort

In exchange, plaintiff agreed to release Commerce from any and all claims or causes of action related to her complaint with the KCHR.

Plaintiff correctly notes that the settlement agreement does not expressly state that Commerce is required to maintain pay parity between her and the other Attorney III position on a going-forward basis. The only discussion of Commerce's responsibility going forward is contained in the last sentence of the "Terms and Conditions" paragraph, which provides as follows:

> Befort as the incumbent in that position shall receive this salary adjustment less withholding and other permissible payroll deductions as soon as administratively practicable following execution of this agreement.

Plaintiff argues that because the settlement agreement does not specify how long performance should continue, it should continue for a reasonable time. Plaintiff cites Navair, Inc. v IFR Americas, Inc., 519 F.3d 1131, 1139 (10th Cir. 2008), and Arnold v S.J.L. of Kansas Corp., 249 Kan. 746, 750 (1991), in which the contracts required continued performance but did not expressly specify the duration of performance. The courts in each case found that a reasonable time would apply and that a reasonable time is usually a question of fact for a jury. Here, in contrast, the settlement agreement required immediate performance and no ongoing performance by either party. Once Commerce paid the difference in plaintiff's salary and the other Attorney III position salary, increased plaintiff's salary and removed the letter of counseling, its performance was complete as a matter of law.[8]

Defendants are entitled to judgment on the pleadings on Count V.

**IT IS THEREFORE ORDERED** that Defendants' Rule 12(c) Motion For Partial Judgment

---

occupies, retroactive to October 10, 2004, to the exact same salary range and step as the other Attorney III position within Commerce."

[8]   Plaintiff has not alleged that Commerce failed to increase her salary, failed to reimburse her during the time frame stated above or failed to remove the letter of counseling from her file.

On The Pleadings (Doc. # 11) filed February 18, 2009 be and hereby is **SUSTAINED**.  Plaintiff's claims

under Count V be and hereby are **DISMISSED**.  All other claims remain in this case.

Dated this 18th day of May, 2009 in Kansas City, Kansas.

s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge