## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MERRILL J. HICKLIN BEFORT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-2598-KHV |
| ) | |
| **STATE OF KANSAS, DEPARTMENT OF** ) | |
| **COMMERCE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Merrill J. Hicklin Befort brings claims against the Kansas Department of Commerce for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Kansas Act Against Discrimination ("KAAD"), K.S.A. § 44-1001 et seq. This matter is before the Court on Defendant's Motion In Limine And Objections To Plaintiff's Final Witness And Exhibit List (Doc. #51) filed January 7, 2010. For reasons stated below, the Court finds that the motion should be sustained in part.

## Analysis

In ruling on defendant's motion for summary judgment, the Court set forth the factual background which the Court incorporates by reference. See Memorandum And Order (Doc. #44) filed December 17, 2009 at 2-18. Plaintiff's remaining claims include Title VII disparate treatment and retaliation claims based on defendant's decision to (1) pay her less than an unclassified male employee (Robert Hiatt) who performed the same job duties but received a higher salary and (2) issue her a letter of reprimand.

1

I.   Information Regarding Hiring Of Robert Hiatt

Defendant seeks to exclude evidence that Hiatt was earning $46,500 a year at the Kansas Insurance Commission when Commerce hired him at a salary of $61,000.  Defendant contends that evidence of Hiatt's previous salary is irrelevant under Rule 401 and 402, Fed. R. Evid., and unduly prejudicial under Rule 403, Fed. R. Evid.  Defendant argues that this evidence is irrelevant to plaintiff's claim that defendant discriminated against her on the basis of sex when it hired Hiatt and paid him a higher salary to perform the same work as plaintiff.

Defendant contends that in part, it paid Hiatt a higher salary because he negotiated a higher salary than originally offered.  Plaintiff responds that Hiatt's lower salary at the Insurance Commission is relevant to whether defendant's proffered reason for hiring Hiatt at a higher salary than plaintiff was a pretext for discrimination.  The Court agrees.  See E.E.O.C. v. Swift Transp. Co., 120 F. Supp.2d 982, 996 (D. Kan. 2000) (question is whether employer description of its reasons for decision is honest).

Similarly, defendant seeks to exclude as irrelevant evidence that three other candidates had as much legal experience as Hiatt.  Plaintiff responds that defendant has contended that it hired Hiatt at a higher salary than plaintiff in part because no other acceptable candidates were interested in the position. Evidence that other qualified candidates expressed interest in the job is relevant to the issue whether defendant's proffered reasons for hiring Hiatt at a higher salary are a pretext for discrimination.  The Court therefore overrules defendant's motion to exclude evidence of Hiatt's salary at the Insurance Commission and evidence regarding the identity and qualifications of other applicants for the position at Commerce.

II.   Evidence Pertaining To Dismissed Claims

Defendant seeks to exclude evidence concerning claims which the Court has dismissed.

Specifically, defendant asks the Court to exclude evidence regarding the following:

– that plaintiff requested and was denied a window office;
– that plaintiff was not allowed to attend the boxing conference in Miami;
– that plaintiff was not provided a speakerphone;
– that defendant or any former defendant failed to afford the plaintiff adequate procedural rights with respect to her grievances;
– that defendant or any former defendant infringed the plaintiff's First Amendment right to free speech; and
– that defendant or any former defendant breached the January 10, 2006 settlement agreement.

Doc. #52 at 5-6 (citing Fed. R. Evid. 401, 402, 403). Plaintiff responds that she does not intend to present evidence relating to the claims which the Court has dismissed. The Court therefore sustains this portion of defendant's motion as unopposed.

III.   References To Howard Fricke Or Bob North In Case Title

Finally, defendant notes that the Court granted summary judgment on all of plaintiff's claims against Howard Fricke and Bob North. Defendant asks that the Court not refer to Fricke or North when stating the name of the case in front of the jury. Defendant also asks the Court to order plaintiff not to refer to Fricke or North as defendants. Defendant reasons that if the jury learns that Fricke and North were once defendants, it may improperly assume that the Court dismissed the claims against the two individuals for lack of merit and that the remaining claims are meritorious. Plaintiff does not oppose this portion of defendant's motion and the Court finds that it should be sustained.

**IT IS THEREFORE ORDERED** that <u>Defendant's Motion In Limine And Objections To Plaintiff's Final Witness And Exhibit List</u> (Doc. #51) filed January 7, 2010 be and hereby is **OVERRULED** in part and **SUSTAINED** in part. Section I is overruled. Section II and III are sustained.

Dated this 20th day of January, 2010 in Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge